IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TIMOTHY WHALEN II, ) | |
| ) | |
| PLAINTIFF, ) | CIVIL ACTION NO. 3:25-cv-176-RGJ |
| ) | |
| vs. ) | |
| ) | HON. |
| THE DOW CHEMICAL ) | |
| COMPANY, ) | |
| ) | |
| DEFENDANT. ) | |
| _____) | |

## COMPLAINT

PLAINTIFF, TIMOTHY WHALEN II, by and through his attorney, Jared Smith of JARED SMITH LAW, PLLC, submits his Complaint against THE DOW CHEMICAL COMPANY ("Dow").

## JURY DEMAND

COMES NOW PLAINTFF, TIMOTHY WHALEN II, and hereby makes his demand for trial by jury.

## PARTIES

1. At all times relevant to this complaint, Plaintiff TIMOTHY WHALEN II was a resident of Hardin County in the State of Kentucky.

2. Defendant, THE DOW CHEMICAL COMPANY, is a domestic profit corporation, conducting business in Kentucky and with its principal place of business in Midland, MI.

## JURISDICTION

3. The events in question took place in Hardin County, Kentucky.

4. This Court has jurisdiction over these claims on the basis of federal question jurisdiction pursuant to Title 7 of the Civil Rights Act of 1964, 42 USC sec. 2000 9-16, and the state claims by supplemental jurisdiction through 28 USC sec. 1367 et seq.

## VENUE

5. Venue is proper in this Court, the Western District of Kentucky, pursuant to sec. 706 d3 of title 7 42 USC sec. 2000e-5(f)(3) 5c, because the unlawful employment discrimination occurred in this district.

## STATEMENT OF FACTS

6. Plaintiff, an African American individual, was hired by Defendant on October 18, 2010 working in Batch B.

7. Throughout Plaintiff's employment, Defendant has engaged in a pattern of racial discrimination, including disparate treatment in discipline, failure to promote, and a hostile work environment.

8. Plaintiff was a union steward for the Local 970c while employed by Defendant.

9. Based on Plaintiff's observations, he was expected to complete far more work than other white employees.

10. Sometime in 2022, Plaintiff complained to Defendant about his leader, Roberto Arreaza, for harassment and discrimination.

11. Plaintiff, as union steward, represented a colleague, Iran Maldonado, in a discrimination case against Arreaza.

12. Plaintiff, as union steward, represented a colleague, Quentin Cobb, in multiple cases against Defendant.

13. Plaintiff filed a race and sex complaint as union steward against Sean Clinning, after he was heard telling a Black employee "don't steal anything from my car." Clinning told another employee "no offense, I'm more African than you are." He also told women who were losing their jobs that they should take comfort in not being the breadwinner of their family.

14. After Plaintiff's complaint, Clinning received coaching and was moved to another position but was not terminated or otherwise disciplined.

15. Plaintiff filed a complaint on behalf of his colleague, Lavon Poynter, a black man, who was written up for sleeping but claimed the write-up included false information.

16. Defendant terminated Poynter for his write-up even though another white employee, Ryan Cooper, was given a chance to continue working after receiving a write-up similar to Poynter's write-up.

17. On November 2, 2022, Plaintiff received a write-up for refusing to perform a task, which was not true.

18. Plaintiff believes he received a write-up due to discrimination and his participation in other complaints as union steward.

19. On March 9, 2023, Defendant reduced Plaintiff's bonus because of a write-up.

20. Plaintiff's coworker did not have his bonus reduced despite having a similar write-up to Plaintiff.

21. At all relevant times during her employment, Plaintiff maintained a strong work ethic, performed his duties in a satisfactory manner, and adhered to the policies and procedures of the Defendant.

22. Plaintiff applied for several promotions but was denied because, according to Defendant, Plaintiff did not have enough education despite another employee in that position with only an associate's degree.

23. Defendant filed an ethics complaint against Plaintiff claiming that he was creating a hostile work environment. The complaint was based on false allegations and Plaintiff never heard any results from the investigation.

24. After the ethics complaint against Plaintiff, Plaintiff made an ethics complaint against the person who made false claims against him. Defendant only interviewed the subject of the complaint and did not interview any other witnesses.

25. Plaintiff eventually agreed to a $2-per-hour pay cut to move away from employees that were harassing him.

26. Plaintiff's team lead asked the plant manager what Plaintiff needed to do to get promoted, but the plant manager said he would not discuss that subject.

27. Throughout his employment, Plaintiff has repeatedly been denied promotions and advancement opportunities despite having superior qualifications.

28. In general, Plaintiff has observed that Dow has a pattern and/or practice of disproportionately disciplining African American employees compared to their white colleagues, and Plaintiff has been denied the opportunity to advance due to his race and in retaliation for his complaints.

29. Defendant's discriminatory actions violated 42 U.S.C. § 1981 and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.020.

## COUNT I

## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

30. Plaintiff incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

31. 42 U.S.C. § 1981 prohibits individuals from engaging in acts of racial discrimination.

32. Defendant's discrimination against Plaintiff, as described above, violates the rights afforded to him under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

33. Plaintiff is a member of a protected class; he is African American.

34. Through the conduct described above, Defendant has intentionally deprived Plaintiff of the same rights as are enjoyed by non-African American employees with respect to the creation, performance, and enjoyment of his employment relationship with Defendant.

35. Defendant's treatment of Plaintiff was based, at least in part, on the unlawful consideration of his race.

36. Similarly situated non-African American employees were treated more favorably in the terms and conditions of their employment.

37. Agents of Defendant were predisposed to discriminate against Plaintiff based on his race and/or color.

38. The actions of Defendant and its agents were willful, intentional, and in deliberate disregard of, and with reckless indifference to, Plaintiff's rights.

39. As a direct and proximate result, Plaintiff experienced adverse treatment in the terms, conditions, and privileges of his employment, including being passed over for promotions and receiving a reduced bonus.

40. Plaintiff has suffered damages including loss of earnings and career opportunities, emotional distress, mental anguish, humiliation, and other non-economic harm.

## COUNT II

### DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF KRS § 344.020 ET SEQ.

41. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

42. At all relevant times, Plaintiff was an employee and Defendant was an employer within the meaning of KRS § 344.020.

43. Defendant's conduct, as described herein, violated KRS § 344.020, which makes it unlawful to harass or discriminate against an employee based on race.

44. Plaintiff is an African American man and a member of a protected class under KRS § 344.020.

45. Plaintiff was subjected to offensive conduct and disparate treatment based on his race, including denial of promotions, reduced compensation, and unequal discipline.

46. Defendant's actions were intentional, willful, malicious, and/or carried out with reckless disregard for Plaintiff's rights.

47. The discriminatory conduct substantially interfered with Plaintiff's ability to perform his job and created an intimidating, hostile, and offensive work environment.

48. As a result, Plaintiff has suffered damages, including lost earnings, emotional distress, humiliation, and damage to his professional reputation.

49. Plaintiff continues to suffer ongoing harm due to Defendant's conduct.

50. Plaintiff requests the relief described in the Prayer for Relief.

## COUNT III

### FAILURE TO PROMOTE IN VIOLATION OF 42 U.S.C. § 1981

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Plaintiff applied for promotion on multiple occasions to positions for which he was qualified.

53. Plaintiff was told he lacked the necessary education, although similarly situated white employees with equal or lesser qualifications were promoted.

54. Defendant's failure to promote Plaintiff was motivated by race and reflects a broader pattern of denying African American employees advancement opportunities.

55. Although Plaintiff remains employed, Defendant's failure to promote him has resulted in lost wages, lost career growth, and emotional harm.

56. Defendant's actions were willful and carried out in reckless disregard of Plaintiff's rights, entitling him to compensatory and punitive damages.

## COUNT IV

### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

57. Plaintiff incorporates by reference all preceding paragraphs.

58. At all relevant times, Plaintiff was an employee and Defendant was an employer within the meaning of 42 U.S.C. § 1981.

59. Plaintiff engaged in protected activity, including reporting discrimination and filing complaints on behalf of coworkers as a union steward.

60. Defendant had knowledge of Plaintiff's protected activity.

61. In response, Defendant subjected Plaintiff to adverse employment actions, including denial of promotions, false disciplinary action, and reduction in compensation.

62. Defendant's retaliation was intentional, willful, and done with reckless disregard for Plaintiff's rights.

63. As a direct result of this retaliation, Plaintiff has suffered lost opportunities, emotional distress, and other damages while continuing to work for Defendant.

64. Plaintiff requests the relief set forth in the Prayer for Relief.

## COUNT V

### RETALIATION IN VIOLATION OF KRS § 344.020 ET SEQ.

65. Plaintiff incorporates by reference all preceding paragraphs.

66. At all relevant times, Plaintiff was an employee, and Defendant was an employer covered by KRS § 344.020.

67. Plaintiff engaged in protected activity under KRS § 344.020 by reporting harassment and supporting other employees' complaints.

68. Defendant, through its agents, knew of Plaintiff's protected conduct.

69. In retaliation, Defendant subjected Plaintiff to adverse actions including denying promotions and reducing his bonus.

70. These actions were taken with the intent to punish Plaintiff and deter further protected activity.

71. Defendant's actions were intentional, willful, malicious, and/or done with reckless disregard of Plaintiff's rights.

72. Plaintiff has suffered economic and emotional harm as a result, though he remains employed.

73. Plaintiff requests the relief described in the Prayer for Relief.

## COUNT VI

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 1981

74. Plaintiff incorporates by reference all preceding paragraphs.

75. Defendant subjected Plaintiff to a hostile work environment through racially discriminatory comments, unfounded discipline, and disparate treatment.

76. Plaintiff regularly heard racially insensitive or offensive remarks in the workplace.

77. Defendant's actions were sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and interfere with his ability to perform his job.

78. As a result, Plaintiff has suffered emotional distress, mental anguish, and physical health impacts while still employed.

79. Defendant acted with deliberate indifference to Plaintiff's rights.

80. Plaintiff requests compensatory and punitive damages and all other relief deemed appropriate.

## COUNT VII

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF KRS § 344.020 ET SEQ.

81. Plaintiff incorporates by reference all preceding paragraphs.

82. Defendant, as an employer under KRS § 344.020, created and tolerated a racially hostile work environment.

83. Plaintiff was subjected to unwelcome conduct based on his race, including discriminatory comments and treatment.

84. Defendant was aware of this conduct and failed to take corrective action.

85. The hostile environment materially interfered with Plaintiff's working conditions and caused emotional and physical distress.

86. The hostile work environment persists even though Plaintiff remains employed.

87. Defendant's actions were intentional, malicious, and/or taken with reckless disregard for Plaintiff's rights.

88. Plaintiff seeks all available remedies under KRS § 344.020 as described in the Prayer for Relief.

## RELIEF REQUESTED

PLAINTIFF, Timothy Whalen II, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;

2. Exemplary and/or punitive damages in whatever amount Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding any other equitable relief that appears appropriate at the time of final judgment.

Dated:  March 28, 2025

Respectfully Submitted,

**JARED SMITH LAW, PLLC**

**/s/ Jared J. Smith**
Jared J. Smith (#94507)
110 E. Main St., Ste. 107
Georgetown, KY 40324
jared@kentuckytriallawyers.com
Telephone: (502) 219-2525
*Counsel for Plaintiff*